Argued and submitted September 9, accused suspended and
placed on probation October 7, 1980

# In re GERALD J. SCANNELL, JR,
## *Accused.*

## (OSB 79-23, SC 27093)

617 P2d 256

W. V. Deatherage, of Frohnmayer, Deatherage, de-
Schweinitz & Eads, Medford, argued the cause and
filed a brief for the accused.

William L. Lasswell, Roseburg, argued the cause for the Oregon State Bar. With him on the brief was Peter Nilsen, of Geddes, Walton, Richmond, Nilsen & Smith, Roseburg.

PER CURIAM.

**PER CURIAM**

In disciplinary proceedings initiated by the Oregon State Bar, a trial board found the accused guilty of violating Disciplinary Rule 5-104(A), which provides:

> "A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure."

There is no dispute about the facts constituting the violation, as set out below. The only issue is the determination of the penalty appropriate to the circumstances of this case.

Mr. Scannell, who is 53 years of age, has been a member of the Oregon Bar since 1957 and entered the private practice in Jackson County in 1960. During the following years a Mr. and Mrs. Higgins were clients of Mr. Scannell as well as friends of his family. After Mr. Higgins's death in 1973, Mrs. Higgins remained Scannell's client and relied on him in various financial investments.

In May, 1976, Scannell obtained a loan of $75,000 from Mrs. Higgins. The proceeds were used in part to pay off the balance due on a land sale contract for Scannell's office building. As a form of security for the loan, Scannell prepared a deed for this property to Mrs. Higgins and a contract to sell the property back to him. He did not suggest that she obtain independent legal advice, and did not do so. It does not clearly appear from the record or the trial board findings whether the documents purporting to secure the loan were given to Mrs. Higgins or placed in her file in Scannell's office; however, they were not recorded.

Scannell sold the office building, to which he still held record title, in 1977 and used the proceeds to buy another office building. A deed conveying the new building to Mrs. Higgins and a land sale contract back to Scannell were again prepared but not signed or recorded. The bar does not claim that Mrs. Higgins did

not know or consent to these transactions, but again she had no independent legal advice and was not encouraged to seek it. None of the proceeds of the sale were applied to repaying Mrs. Higgins. The Bar stated this as a second charge against the accused.[1]

In the course of a disagreement over other matters in the summer of 1978, Mrs. Higgins demanded repayment of the loan and interest. The debt was eventually paid in a settlement in which both parties were represented by counsel. Scannell sold his home and the office building for this purpose. Following these events, he gave up his practice in Ashland and took a state position as an assistant attorney general in Grants Pass, which is his present employment.

In responding to the Bar's complaint, the accused did not contest the foregoing facts or that they constitute a violation of the professional obligation encompassed in DR 5-104(A) *supra.* He testified that he simply did not think of the question but did not offer this as an excuse, which of course it is not.

The trial board recommended a penalty of three months' suspension with reinstatement conditioned on an affirmative showing of fitness to resume the practice of law. The Disciplinary Review Board recommended that the period of suspension be six months.

■ ■ The accused urges that the sanction be limited to probation rather than suspension. He cites a number of considerations in mitigation of the penalty, but his chief emphasis is on relating the object to be served by the sanction to the circumstances of the accused, specifically that he has left the private practice and entered government service. We agree that this is a fact to be considered in deciding what sanction will best serve the purpose of professional discipline. Addressed as it is to the practice of a licensed profession,

---

[1] The trial board found the accused guilty of both charges but not guilty of a third charge alleging a failure to advise Mrs. Higgins of delinquent payments under the land sale contract. The Disciplinary Review Board treated the substance of the charges as a single violation of the duty stated in DR 5-104(A).

the disciplinary system does not exist for the purpose of punishment for wrongdoing but to protect the public and the administration of justice. It does so directly by temporarily or permanently disqualifying unethical or careless attorneys from the practice and indirectly by the deterrent effect of enforcement in maintaining the Bar's sensitivity to questions of professional responsibility.

■ We have not often found "probation" to be a practical disciplinary sanction, because neither the Court nor the Bar has effective machinery for supervising stringent conditions, and without conditions and supervision "probation" is largely meaningless. Moreover, the importance of the second, deterrent, effect of discipline, as well as the demands of evenhanded enforcement preclude a sanction of mere probation for a serious departure from professional responsibility. On the other hand, it is not apparent how the interests of the public or the administration of justice will be furthered by a penalty which will disqualify the accused from his present government employment, where he is not representing private clients, and leave him to search for a new opportunity to practice law in three or six months.

■ We believe that some period of suspension is called for, but we think it is appropriate to the violation in this case that the accused not deal with private clients for an extended period more than that he be disqualified from any legal work whatsoever. We have no reason to believe that his present employment in the Department of Justice will not continue for the indefinite future. Accordingly, we conclude that a suitable sanction in this case is to suspend the accused from the practice of law for a period of 60 days, followed by a period of probation of two years during which the accused may not engage in the representation of private clients. At the end of that period, this condition will be terminated upon the accused's showing that he is in all respects fit to resume the private practice of law.

Accused suspended and placed on probation.